# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| RANDEAN J. HENRY | CIVIL ACTION NO. 05-2001 |
| VS. | SECTION P |
| RICHARD FEWELL, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on November 16, 2005, by *pro se* plaintiff Randean J. Henry. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is presently incarcerated at the Steve Hoyle Rehabilitation Center, Tallulah, Louisiana; however, when his complaint was filed he was incarcerated at the Ouachita Correctional Center (OCC) in Monroe, Louisiana, and he complained of conditions of confinement at that facility.

In his original complaint he named Ouachita Parish Sheriff Richard Fewell, the Ouachita Parish Police Jury, LDOC Secretary Richard L. Stalder, the Director of Louisiana's "Division of Health," and Louisiana's Fire Marshal as his defendants. In an Amended Complaint filed on April 5, 2006, plaintiff dismissed Ouachita Parish, Secretary Stalder, the Director of the Division of Health and the State Fire Marshal. He added the president of the Ouachita Parish Police Jury, OCC's Warden Wheelis, and Deputy C. Fondren as defendants. Plaintiff seeks compensatory damages totaling $40,000 for pain and suffering and mental anguish and distress. He seeks a like amount in punitive damages. He also seeks an order directing the defendants to provide soap,

1

toothpaste and toilet paper to all OCC inmates without cost and free postage for all personal and legal mail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** because plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

Prior to October 20, 2005, plaintiff was an LDOC convict assigned to the Ouachita Parish Sheriff's Office Work Release Program. Plaintiff was apparently exhibiting symptoms of depression, so on that date he was transferred to the OCC mental health unit for observation.

On October 23, 2005, plaintiff was transferred to the general population and he was given a one ounce bar of soap, a .85 ounce tube of toothpaste, a comb, and a toothbrush.

On October 25, 2005, plaintiff submitted an informal Administrative Remedies Procedure (ARP) grievance to OCC Warden Wheelis. Plaintiff conceded that upon his entry into the facility he was provided a "three day supply" of soap, toothpaste and toilet paper. However, he claimed that these supplies had been used up and he lacked the funds necessary to purchase the items from the prison comissary. He then requested "...soap, razor, toothpaste, toothbrush, deodorant, and writing material, including long legal paper for state court filings and postage..." On October 27, 2005, Dy. C. Fondren replied to the informal ARP on behalf of the Warden, "You have to fill out a store sheet for a Care Pak (issued 30 days if no money on your account...") [Doc. 3, p. 2]

2

On October 28, 2005, plaintiff submitted a formal ARP. He contended that as an LDOC inmate, he was immediately entitled to the hygiene supplies and the mail supplies. On the same date an OCC shift supervisor responded to his ARP,

> "Sir, when your 30 days are up you will get a care package. If you get any money, we will take the price of the care package. For your information, the money paid is for the necessary things you need. Clothes, food, meds, etc. You forget this is not a DOC facility. When you get out of jail think of the inconveniences it creates and avoid those situations that could result in your returning. Why do you need legal mail supplies? You are a work release returnee so your sentence is short." [Doc. 1-1, p. 7]

Plaintiff appealed the denial of his first step ARP and on October 31, 2005, a corrections lieutenant rejected his appeal and responded, "We provide for your needs as required. You will get a care pack if you go 30 days without funds. If you get funds, buy from the store." Plaintiff rejected this response and filed a third step appeal to the Assistant Warden. On November 2, 2005, the Assistant Warden rejected the appeal noting, "We provide what is needed for indigent inmates." Plaintiff appealed this decision to the Warden and on November 3, 2005, the Warden's designee responded, "Mr. Henry all care packs are handled by Commissary and Dy. Fondren. You were taken care of." [Doc. 1-1, p. 8]

Thirty days after October 23, 2005, plaintiff was provided a care package. [Doc. 8-1, p. 4]

According to the application to proceed *in forma pauperis*, $269.40 was deposited in plaintiff's inmate account on December 6, 2005. [Doc. 4, p. 6]

On March 7, 2006, plaintiff was transferred to the Forcht-Wade Corrections Center in Keithville, Louisiana. [see Doc. 7] Sometime later, and by March 30, 2006, he was transferred to his present place of confinement, the Steve Hoyle Rehabilitation Center in Talullah.

Thus, based upon the allegations of the pleadings, it appears that plaintiff was denied free hygiene supplies and writing paper for a period of approximately thirty days. Nevertheless, plaintiff contends that he "...suffered physical harm or injury in that he had to make sick call for sores that broke out all over his body due to uncleanliness, which was very painful, and itched badly, which caused him to scratch himself, and that he had to endure the foul smell of himself, furthermore, as a result of being treated in this inhumane manner he also suffered both mentally and emotionally to the point that his depression got worst [sic] and he had to talk to the mental health professional at the jail..." [Doc. 1-1, p. 4]

Plaintiff was specifically advised to amend his complaint to provide documentary evidence in support of this claim of physical injury. [Doc. 6] He failed to provide any evidence of his claim of physical injury and instead indicated that the evidence was "... recorded in the medical and mental health documents which should be obtained by way of Discovery ..." [Doc. 8-1, p. 6]

## **LAW AND ANALYSIS**

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

4

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint and amended complaint provide the specifics of his theories of liability with respect to the defendants. Read liberally, plaintiff's complaint alleges that the defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and his First and Fourteenth Amendment right of access to the courts "...by failing to

5

provide plaintiff soap, deodorant, personal postage, paper and envelopes and postage to file criminal or civil documents in the courts, and for causing him personal injuries and mental anguish and distress..."

Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted.

## 2. Access to the Courts

"It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir.2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)); *Calhoun v. Hargrove*, 312 F.3d 730, 733-734 (5th Cir. 2002). Nonetheless, as stated above, even *pro se* plaintiffs are required to plead specific facts in support of their claims. Plaintiff's complaint concerning the failure to supply adequate writing supplies and postage implies a denial of access to the courts.

The right of access to the courts assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir.1997).

However, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See *Lewis v. Casey*, 518 U.S. at 356, 116 S.Ct. at 2182, ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement.")

6

Plaintiff's allegations, construed liberally and all taken as true for the purposes of this review, fail to demonstrate that the defendants denied him access to the courts as that term is defined in the foregoing cited jurisprudence. As stated above, the Supreme Court has not extended the right to access the courts to encompass any more than the ability of an inmate to prepare and transmit a necessary legal document to a court. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397, (1994). See also *Lewis v. Casey*, 518 U.S. at 349-355, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Further, even assuming that plaintiff is ultimately able to demonstrate that the defendant somehow deprived him of his constitutional right to access the courts, he must still allege facts to establish that he suffered some prejudice as a result of the deprivation. That requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See *Lewis v. Casey*, 518 U.S. at 350-355, 116 S.Ct. at 2179- 81; *Eason v. Thaler*, 73 F.3d at 1328; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992); and *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988).

Notwithstanding a specific order to do so, plaintiff failed to allege any facts establishing that he was <u>actually</u> <u>prejudiced</u> in connection with any pending or contemplated legal proceeding by any alleged act or omission by any of the named defendants herein. Because plaintiff has presented no fact-specific allegations establishing that he was ever actually prejudiced in connection with any actual or proposed legal proceeding, his claims do not provide a basis for recovery under § 1983. Thus, to the extent that plaintiff contends that the actions of the

7

defendants resulted in the denial of access to the courts, such a contention fails to state a claim for which relief may be granted and is frivolous.

### 3. 42 U.S.C. §1997e

Plaintiff also contends that he was denied free hygiene supplies for a period of approximately one month following his arrival at OCC. He claims that he was forced to endure uncomfortable and unsanitary conditions because he was not provided soap, deodorant, or toothpaste from October 23, 2005, until approximately thirty days later when he received a "care package" containing such supplies. [Doc. 8-1, p. 4] Regrettable as that may be, plaintiff has not established that he is entitled to monetary damages for his pain and suffering and mental anguish.

"[P]rison authorities may not withhold from prisoners the basic necessities of life, which includes reasonably adequate sanitation." *Sanford v. Brookshire*, 879 F.Supp. 691, 693 (W.D.Tex.1994). The United States Constitution "forbids deprivation of the basic elements of hygiene." *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir.1983) (Eighth Amendment claim). To succeed on a deprivation-of-hygiene claim, plaintiff must show an "extreme deprivation" of sanitation. See *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)).

Furthermore, 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be

8

significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997).

The Fifth Circuit has not yet defined the parameters of what constitutes a "physical injury" in this context. However, some guidance is offered by the case of *Luong v. Hatt*, 979 F.Supp. 481 (USDC - ND Tex. 1997). In that case, the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims. The court reasoned that the determination of whether or not an injury exceeds the *de minimis* threshold should be determined based upon how "...people in a free world setting in exercising their day-to-day medical care would treat such injuries." *Luong*, 979 F. Supp. at 486.

The court reasoned,

> "Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?
>
> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about [sic] *de minimis*, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." *Id.*

9

Plaintiff has alleged that the unsanitary conditions complained of caused him to "...suffer[] physical harm or injury in that he had to make sick call for sores that broke out all over his body due to uncleanliness, which was very painful, and itched badly, which caused him to scratch himself, and that he had to endure the foul smell of himself..." [Doc. 1-1, p. 4] None of these conditions necessarily require treatment by a medical care professional. All are treatable in the home with common over-the-counter medications.[1] In short, plaintiff's alleged injuries are *de minimis* and therefore his claim for monetary damages is legally without merit. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper*, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by §1997e(e) sufficient to support a claim for monetary damages); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir.2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*). Plaintiff has not demonstrated that he suffered from any physical injury that was more than *de minimis*; therefore, his claim for monetary damages is legally without merit.

Plaintiff's conditions of confinement claim is likewise frivolous.

---

[1] See Medline Plus, Medical Encyclopedia, A Service of the United States National Library of Medicine and the National Institutes of Health at http://www.nlm.nih.gov/medlineplus/ encyclopedia.html

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted all in accordance with the provisions of 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) and (2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE